People v Gopaul (2025 NY Slip Op 06876)

People v Gopaul

2025 NY Slip Op 06876

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-10558

[*1]The People of the State of New York, respondent,
vHarold Gopaul, appellant. 

Jillian S. Harrington, Staten Island, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated September 12, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in Nassau County, after a jury trial, of 14 counts of sexual abuse in the first degree (Penal Law § 130.65[1]) and sentenced to an aggregate term of imprisonment of 12 years, to be followed by 5 years of postrelease supervision. Similarly, the defendant, in Queens County, was convicted, after a jury trial, of 6 counts of criminal sexual act in the first degree (id. former § 130.50[1]), 6 counts of sexual abuse in the first degree (id. § 130.65[1]), 1 count of criminal sexual act in the second degree (id. former § 130.45[1]), 2 counts of criminal sexual act in the third degree (id. former § 130.40[2]), 1 count of endangering the welfare of a child (id. § 260.10[1]), and 1 count of assault in the third degree (id. § 120.00[1]) and sentenced to an aggregate term of imprisonment of 18 years, to be followed by 10 years of postrelease supervision, to run concurrently with the sentence from Nassau County. The charges in both Nassau County and Queens County arose from the defendant's systematic sexual abuse of his 14-year-old stepdaughter over a four-year period at the family home in Queens County and at various locations in Nassau County.
Prior to the defendant's release from imprisonment, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (SORA) (Correction Law art 6-C), which presumptively classified the defendant as a level two sex offender. At a subsequent SORA hearing, the People conceded that the RAI prepared by the Board improperly classified the defendant as a level two sex offender based on the points that could be assessed and stated that the defendant should have been classified, based on the Nassau County offenses, as a presumptive level one sex offender. The People argued, however, that the Queens County convictions were not adequately taken into account by the RAI and that, based on those convictions, an upward departure to a level two risk designation was warranted. The defendant objected to an upward departure. The Supreme Court granted the People's application for an upward departure and designated the defendant a level two sex offender. The defendant appeals.
"'Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines. The People must prove the facts in support of the aggravating factor by clear [*2]and convincing evidence'" (People v Arteaga, 236 AD3d 833, 833, quoting People v Cortez, 232 AD3d 675, 676; People v Wilkerson, 214 AD3d 683, 684 [citations and internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006] [hereinafter Guidelines]; People v DeDona, 102 AD3d 58, 68). "'[O]nce this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public'" (People v Arteaga, 236 AD3d at 833, quoting People v Cortez, 232 AD3d at 676; see People v Wilkerson, 214 AD3d at 684).
Contrary to the defendant's contention, the fact that the concurrent offenses he committed in Nassau County and Queens County were against the same victim did not militate against granting the People's application for an upward departure. Here, the defendant has engaged in a course of conduct that, while not captured precisely by the points assessed in the RAI, clearly constitutes conduct contemplated by the Guidelines as indicative of behavior warranting an upward departure. The Guidelines expressly state that some "sex offenders have concurrent or subsequent offenses not scored in" risk factor 9 and "[a]lthough such concurrent or subsequent criminal history is not covered by this particular category, it may be the basis for an upward departure if it is indicative that the offender poses an increased risk to public safety" (Guidelines at 14).
Accordingly, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure.
The defendant's remaining contention is without merit.
LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court